## COMMONWEALTH *vs.* PATRICK H. FARREN.

A person may be convicted of selling adulterated milk, under *St.* 1864, *c.* 122, § 4, although he did not know it to be adulterated; and an averment in the indictment that he had such knowledge may be rejected as surplusage.

It is not necessary, in such indictment, to aver that the milk was cow's milk.

An indictment alleging a sale of adulterated milk to a woman is not defeated by proof that she was married, and was acting as agent for her husband, if the seller had no notice, express or implied, of these facts.

An indictment under *St.* 1864, *c.* 122, § 4, which charges that the defendant sold a certain quantity of " adulterated milk, to which a large quantity, that is to say, four quarts, of water had been added," is not bad for duplicity.

INDICTMENT found in Suffolk county, charging that the defendant " did unlawfully keep, offer for sale and sell to one Bridget Donegan, for the sum of forty cents, a large quantity, that is to say, eight quarts, of adulterated milk, to which a large quantity, that is to say, four quarts, of water had been added : he the said Farren well knowing said milk so sold to be adulterated, and well knowing that said large quantity of water had been added to said milk."

At the trial in the superior court, before *Vose,* J., and before

the jury were sworn, the defendant moved to quash the indict. ment, for reasons set forth in the opinion ; but the motion was overruled.

There was evidence tending to prove the sale and delivery as alleged ; and on cross-examination of the witnesses for the Commonwealth it appeared that Bridget Donegan was a married woman, and acted in making the purchase as agent of her husband. There was, however, no evidence that the defendant knew the facts last stated.

The defendant was convicted, and alleged exceptions.

*C. F. Donnelly*, for the defendant.

*Foster*, A. G., for the Commonwealth.

CHAPMAN, J. This indictment is upon *St.* 1864, *c.* 122, § 4, which provides, among other things, that " whoever sells or keeps or offers for sale adulterated milk, or milk to which water or any foreign substance has been added," shall be punished by a fine as therein specified. The defendant contends that the Commonwealth should have been held to prove on the trial that he committed the offence knowing the milk to be adulterated. But the language of the statute does not require such proof; and it is evident that the legislature did not intend that it should do so. The *St.* of 1863, *c.* 140, required such proof, and one of the reasons which induced the legislature to repeal it and substitute the existing statute for it undoubtedly was that they regarded it as impracticable in most cases to prove the knowledge, and that they also regarded it as reasonable under all the circumstances that the seller of milk take upon himself the risk of knowing that the article he offers for sale is not adulterated. It is of the greatest importance that the community shall be protected against the frauds now practised so extensively and skilfully in the adulteration of articles of diet by those who deal in them, and if the legislature deem it important that those who sell them shall be held absolutely liable, notwithstanding their ignorance of the adulteration, we can see nothing unreasonable in throwing this risk upon them. It is the same risk which every man takes who sells intoxicating drinks ; the law making him liable to the penalty, although it is not proved that

he knew that the liquors were intoxicating. *Commonwealth* **v.**
*Boynton,* 2 Allen, 160. This construction of the statute is con-
firmed by the fact that some of the offences mentioned in it
must be committed knowingly; and are thus expressly distin-
guished from the offence alleged in this case.

It is further contended that the proof of knowledge is neces-
sary, because it is alleged in the indictment that the defendant
sold the milk knowing that it was adulterated. But this aver·
ment, not being material, is to be rejected as surplusage.

It is further objected that it is not alleged or proved that the
milk was cow's milk. But as the statute does not mention
cow's milk, it must be held to include all the milk of commerce,
and this objection is therefore groundless.

It is further objected that there is a variance between the
allegation that the milk was sold to Bridget Donegan, and the
proof that in making the purchase she acted as the agent of her
husband, he being the legal owner of her stock in trade. But it
did not appear in evidence that the defendant had any notice,
express or implied, that she acted as the agent of any person,
and it is settled that when a purchase is made by an agent, of
whose agency the seller has not sufficient notice, express or
implied, the sale may be regarded in law as made to the agent,
and so it may be alleged in an indictment. *Commonwealth* v.
*Kimball,* 7 Met. 308. *Commonwealth* v. *Remby,* 2 Gray, 508.

It is objected that the indictment is bad for duplicity, because
it alleges that the defendant sold " adulterated milk to which a
large quantity, to wit, four quarts of water, had been added." It
is contended that the selling of adulterated milk, and the selling
of milk to which water had been added, are two separate
offences. But such is not the true interpretation of the statute.
The mixing of water with milk offered for sale adulterates the
milk by adding to it a substance of less value, and the indict-
ment descri.oes in this count a single offence only.

*Exceptions overruled.*